# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RODNEY ALLEN PINCKNEY, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Case No. 19-30430 |
| | ) | |

## OBJECTION OF MARLENE JONES TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN AS AMENDED BY THE AMENDMENT TO CHAPTER 13 PLAN AND REQUEST FOR HEARING

Marlene Jones ("Jones") files this objection to confirmation of the Chapter 13 Plan of Rodney Allen Pinckney (the "Plan") [Doc. No. 4], as amended by Amendment to Chapter 13 Plan [Doc. No. 29], requests a hearing on this Objection, and respectfully shows the Court the following in support thereof:

1. On April 1, 2019 (the "Petition Date"), the Debtor filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code.

2. As of the Petition Date, the Debtor was indebted to Jones in the amount of $51,120.76. Jones timely filed a proof of claim in the Debtor's bankruptcy case.

3. On October 19, 2018 a judgment in favor of Jones against the Debtor was entered in the General Court of Justice, District Court Division of Mecklenburg County, North Carolina (Civil Action 18-CVD-7043) (the "Judgment"). A copy of the Judgment is attached hereto as **Exhibit A**.

4. Upon entry, the Judgment became a lien on all real property owned by the Debtor in Mecklenburg County, North Carolina.

5. On January 8, 2019 the Judgment was transcribed to Gaston County, North Carolina where the Debtor also owns real property and became a lien on the real property owned by the Debtor in Gaston County.

6. The Debtor's Chapter 13 petition was filed at 11:53:40 AM on April 1, 2019 in order to stay a Sheriff's auction in Mecklenburg County of certain real property owned by the Debtor. The Sheriff's auction was scheduled for noon on April 1, 2019.

7. On March 27, 2019, the Debtor had filed a motion in State Court requesting a temporary restraining order, preliminary injunction and permanent injunction enjoining the execution sale which was heard ex parte by the District Court.

8. On March 27, 2019, the District Court entered an order denying the Debtor's motion. A copy of the order is attached hereto as **Exhibit B**.

9. On March 27, 2019, the Debtor's counsel filed a Motion to Set Aside the Judgment. The Motion to Set Aside the Judgment and the Motion for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction were noticed for hearing on April 8. 2019.

10. Notwithstanding the filing of his Chapter 13 petition, counsel for the Debtor took the position that the Debtor was entitled to move forward with his motions in the State Court. Counsel for Jones sent a letter to counsel for the Debtor, a copy of which is attached hereto as **Exhibit C**, outlining that such action would be in violation of the automatic stay. Counsel for the Debtor insisted on moving forward with the hearing. Counsel for Jones filed a Suggestion of Bankruptcy and appeared in State Court and notified the State Court of the Chapter 13 petition. On April 19, 2019, counsel for the Debtor, with the Debtor and his spouse, appeared in State Court and attempted to move forward with the hearing. The District Court ruled that the Bankruptcy petition stayed any further action in State Court.

11. The Plan, as amended, calls for the Debtor to make one thousand dollar ($1,000.00) monthly payments for a period of sixty (60) months. In addition, Section 2.3 of the Plan provides that the Debtor will make additional payments to the Chapter 13 Trustee from the sale of 227 Harrison Street, Charlotte, NC 28208. The Debtor's schedules disclose that the Debtor only owns a one half (1/2) interest in this property. The Debtor's proposed monthly payments plus the funds from the proposed sale of the Debtor's interest in this property will not generate enough proceeds to fund a one hundred percent (100%) payout under the Plan. The Debtor's Plan hinges entirely upon the happening of a speculative, contingent event that may or may not occur up to five (5) years in the future and is, therefore, not feasible.

12. Jones objects to the confirmation of the Plan for the following reasons:

    a. Jones does not accept the Plan;

    b. The Plan was not proposed in good faith as required under 11 U.S.C. § 1325(a)(3);

    c. The Plan violates 11 U.S.C. § 1325 in that it does not provide that Jones will retain the liens securing her claims until payment in full of her claims;

    d. The Plan fails to provide for payment, in full with interest at the legal rate, of Jones' fully secured claim;

    e. The Debtor will be unable to make all payments under the Plan and to comply with the Plan;

    f. The Debtor's schedules fail to list which property or properties that the Debtor claims as exempt;

    g. The Debtor has failed to make any Plan payments;

      h.      The action of the Debtor in filing the petition was not in good faith;

      i.      The Debtor failed to disclose in his schedules that he transferred real estate on October 12, 2018 (138 S. Cloudman Street, Charlotte, NC) which was the day of the hearing in the State Court that resulted in the Judgment;

      j.      The Debtor has failed to comply with the provisions of Chapter 13 and the applicable provisions of Title 11;

      k.      The value, as of the effective date of the Plan, to be distributed to Jones is less than the allowed amount of her claim;

      l.      The Amendment to the Plan undervalues the collateral securing the Judgment; and

      m.      Such other reasons as may appear at the hearing.

**WHEREFORE**, Jones respectfully requests that the Court deny confirmation of the Plan, conduct a hearing on this objection, and requests that the Court grant Jones such additional relief as she may be entitled to under the facts and the applicable law.

This 20th day of June, 2019.

                */s/Robert H. Pryor*
                Robert H. Pryor, N.C. State Bar No. 10483
                McGuireWoods LLP
                201 North Tryon Street  (28202)
                PO Box 31247
                Charlotte, NC 28231
                Telephone: 704.343.2071
                Facsimile: 704.444.8766
                E-mail: bpryor@mcguirewoods.com
                *Attorneys for Marlene Jones*

118131997_1

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **OBJECTION OF MARLENE JONES TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN AS AMENDED BY THE AMENDMENT TO CHAPTER 13 PLAN AND REQUEST FOR HEARING** has been served electronically or by mailing a copy thereof, first class U.S. mail, postage prepaid to the following:

Ford Motor Credit
PO Box 542000
Omaha, NE 68154-8000

Ford Motor Credit Company
PO Box 62180
Colorado Springs CO 80962-2180

Charlotte Division
401 West Trade Street
Charlotte, NC 28202-1633

Marlene Jones
8418 Galena View Drive
Charlotte, NC 28269-7178

First Citizens Bank
1024 Alleghany St
Charlotte, NC 28208-3890

First Citizens Bank Trust Company
P O Box 25187
Raleigh NC 27611-5187

North Carolina Department of Revenue
Bankruptcy Unit
P.O. Box 1168
Raleigh, NC 27602-1168

Office of the Tax Collector
Mecklenburg County Tax Collector
P.O. Box 31637
Charlotte, NC 28231-1637

Mecklenburg County Tax Collector
PO Box 71063
Charlotte, NC 28272-1063

Rodney Allen Pinckney
8525 Hammonds Street
Charlotte, NC 28214-1436

Gaston Radiology
PO Box 603498
Charlotte, NC 28260-3498

Presbyterian Pathology Group
PO Box 4370
Florence, SC 29502-4370

Portfolio Recovery Associates LLC
PO Box 41067
Norfolk VA 23541-1067

Warren L. Tadlock
5970 Fairview Road
Suite 650
Charlotte, NC 28210-2100

Novant Health
PO Box 1123
Minneapolis, MN 55440-1123

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

Jeanne Ann Pennebaker
Bochicchio & Pennebaker, PLLC
10130 Perimeter Parkway
Suite 200
Charlotte, NC 28216-0197

Mecklenburg Radiology Associates
PO Box 221249
Charlotte, NC 28222-1249

Internal Revenue Service
P.O. Box 7317
Philadelphia, PA 19101-7317

This 20th day of June, 2019.

*/s/Robert H. Pryor*
Robert H. Pryor

118131997_1

# EXHIBIT A

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
|---|---|
| | DISTRICT COURT DIVISION |
| COUNTY OF MECKLENBURG | 18-CVD-7043 |

MARLENE JONES,

                      Plaintiff,

v.

RODNEY PINCKNEY AND
ANTOINETTE PINCKNEY,

                      Defendants.

**JUDGMENT IN FAVOR OF MARLENE JONES AGAINST DEFENDANT RODNEY PICKNEY**

**THIS MATTER** came on before the undersigned District Court Judge on October 12, 2018 upon the Motion of Plaintiff Marlene Jones for Default Judgment as to Defendant Rodney Pinckney ("Defendant") (the "Motion");

The Court, after review of the Motion, the Court file, the Clerk of Court's Entry of Default entered October 1, 2018, and after having considered arguments of counsel for Plaintiff and testimony from Plaintiff Marlene Jones, hereby orders Judgment in favor of Plaintiff Marlene Jones and against Defendant Rodney Pinckney in the amount of **$47,681.87**, such sum consisting of the following amounts:

$10,649.90 for consequential and incidental damages resulting from Defendant's breach of his lease agreement with Plaintiff, as alleged in Plaintiff's Third Claim for Relief in her Verified Amended Complaint;

$10,743.99 as alleged in Plaintiff's Fifth Claim for Relief in her Verified Amended Complaint;

$2,400 for Defendant Rodney Pinckney's failure to refund rent to Plaintiff ($800.00), failure to return Plaintiff's security deposit to Plaintiff ($800.00), and for failing to pay Plaintiff's electrical bill ($800.00);

$2,400 for Plaintiff's collection of rent from Plaintiff for the period of February, 2018 as alleged in Plaintiff's Second Claim for Relief in her Complaint, Motion for Temporary Restraining Order, and Preliminary Injunction, such sum trebled from $800.00 as the Court finds Defendant willfully committed a violation of North Carolina General Statute 75-1.1 et. seq. for collection of rent while Defendant's leased premises were unfit and uninhabitable; and,

Pursuant to North Carolina General Statute 1D et. seq. and the clear and convincing testimony of Plaintiff Marlene Jones, which Defendant did not challenge at the hearing on the Motion, the Court finds Defendant Rodney Pinckney's conversion and/or trespass to the personal property of Marlene Jones to be willful and wanton and/or malicious and the Court awards punitive

damages against Defendant Rodney Pinckney for twice the value of the property destroyed, in an amount of $21,487.98.

With respect to the punitive damage award, the Court found clear and convincing evidence that Defendant Rodney Pinckney converted, destroyed, and/or trespassed upon the personal property of Plaintiff as alleged in Paragraphs 65 of the Verified Amended Complaint by, among other things, trespassing upon the personal property of Plaintiff and destroying and/or converting it, and also converting for his own personal use a tent and lawnmower of Plaintiff; further, pursuant to North Carolina General Statute 1D-50, the Court awards punitive damages because the uncontested testimony of Marlene Jones and unanswered Verified Amended Complaint make clear to the Court that Defendant Rodney Pinckney converted and/or trespassed on Plaintiff's property in a malicious, intentional manner, and on repeated occasions, acting out of vengeance toward Plaintiff during the pendency of proceedings before this Court. In particular, without limitation, in awarding punitive damages, the Court has evaluated and reviewed the evidence and factors set forth in North Carolina General Statute 1D-35 relating to (a) the reprehensibility of the defendant's motives and conduct, (b) the likelihood, at the relevant time, of serious harm, (c) the degree of the defendant's awareness of the probable consequences of its conduct, (d) the duration of the defendant's conduct, (e) the actual damages suffered by the claimant, and (f) the existence and frequency of any similar past conduct by the defendant.

**WHEREFORE**, based on the foregoing, the Court enters Judgment against Defendant and in favor of Plaintiff in the amount of **$47,681.87** together with costs and pre and post-judgment interest taxed against Defendant.

*/s/ Alicia D. Brooks*
Alicia D. Brooks, District Court Judge

**WHEREFORE**, the Clerk of Court **GRANTS** the Motion and enters default against Defendant Rodney Pinckney and default judgment against Defendant Rodney Pinckney in favor of Plaintiff Marlene Jones in the amount of $22,520.19.

_____
Assistant Clerk of Court

# EXHIBIT B

STATE OF NORTH CAROLINA  
MECKLENBURG COUNTY  

IN THE GENERAL COURT OF JUSTICE  
DISTRICT COURT  
CASE # 18CVD7043  

Marlene Jones  
(Plaintiff's Name)  

vs.  

Rodney Pinckney  
(Defendant's Name)  

TEMPORARY RESTRAINING  
ORDER STAYING  

MECKLENBURG CO.  
FILED  
MAR 27 2019  
AT _____ O'CLOCK __ M  
BY _____  
CLERK OF SUPERIOR COURT  

This matter came on [ ] Plaintiff's [ ] Defendant's Motion for Temporary Restraining Order & Preliminary Injunction. After Hearing the Court makes the following conclusions of law and final order:

### FINDINGS OF FACT
— against Rodney Pinckney

Final judgment entered. No pending motions to set aside judgment. ∆ moved and did not update address with the court.

### CONCLUSIONS OF LAW

∆ has not stated a claim upon which relief can be granted.

### ORDER

1. [ ] The Temporary Restraining Order is hereby GRANTED staying _____
AND
The Parties shall appear before this Court, in courtroom 6330, on the ____ day of _____, 20__ at _____ am/pm for a Preliminary Injunction hearing.

2. [ ] The [ ] Plaintiff, [ ] Defendant shall post a bond of $_____ pending further orders of this Court.
**THE WRIT MAY BE EXECUTED DESPITE THIS ORDER, IF PARTY FAILS TO POST THE BOND AMOUNT LISTED**

3. [X] The Motion for Temporary Restraining Order is hereby DENIED.

4. [ ] Other _____

DATE: 27 Mar 2019       TIME: 8:57 am

_____  
District Court Judge

CCF-8C

# EXHIBIT C

McGuireWoods LLP
Fifth Third Center
201 North Tryon Street
Suite 3000
Charlotte, NC 28202
Tel 704.343.2000
Fax 704.343.2300
www.mcguirewoods.com

Robert H. Pryor
Direct: 704.343.2071

**McGUIREWOODS**

bpryor@mcguirewoods.com
Fax: 704.444.8766

April 5, 2019

**VIA EMAIL**

Shawntae Crews
725 East Trade Street, Suite 200
Charlotte, NC 28202

> Re: In re: Rodney Pickney; Bankruptcy Case No. 19-30430 (the "Bankruptcy Case"); Marlene Jones vs. Rodney Pickney, 18-CVD-7043 (the "State Court Action")

Dear Ms. Crews:

As we discussed, I represent Ms. Marlene Jones. I am writing this letter to confirm our two telephone conversations of Tuesday, April 2, and Thursday, April 4. During these conversations you informed me as follows:

(i) The hearing on the two motions you filed in State Court on March 27, 2019 are scheduled for hearing on April 8, 2019 at 9:01 a.m. in Courtroom 6330 in the Mecklenburg County courthouse.

(ii) It is your intention to move forward with at least one of the motions notwithstanding Mr. Pickney's filing a Bankruptcy Case on April 1, 2019.

During both of our conversations, I notified you that we believe that the automatic stay of 11 U.S.C. Section 362(a)(i) has stayed the State Court Action in its entirety and that any further action in State Court by you or your client will be in violation of 11 U.S.C. Section 362.

Very truly yours,

MCGUIREWOODS LLP

Robert H. Pryor

RHP/ljb
cc: Marlene Jones (via email)

Atlanta | Austin | Baltimore | Brussels | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C. | Wilmington

115111053_1