**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **RODNEY ALLEN PINCKNEY** | ) | **Chapter 7** |
| | ) | **Case No. 19-30430** |
| | ) | |
| **Debtor(s).** | ) | |
| | ) | |

**NOTICE OF HEARING**

**TAKE NOTICE** that the Trustee has filed a Motion to Compel Production of Documents Requested by Subpoena Issued Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Motion"). A copy of the Motion and this Notice of Hearing is being served.

**PLEASE TAKE NOTICE** THAT YOUR RIGHTS MAY BE AFFECTED BY THE APPLICATION. YOU SHOULD READ THE APPLICATION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT WITH ONE.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held on the Motion on **June 22, 2020, at 9:30 a.m. (EST)** before the Honorable Craig Whitley in Courtroom 1-4 at the United States Bankruptcy Court, Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, North Carolina.

**PLEASE TAKE FURTHER NOTICE** that the Court may grant the relief requested in the Application at said hearing. No further notice will be given.

This the 1st day of June, 2020.

**ESSEX RICHARDS, P.A.**

Heather W. Culp (NC Bar No. 30386)
John C. Woodman (NC Bar No. 42365)
1701 South Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 377-4300
E-mail: jwoodman@essexrichards.com
*Attorney for the Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In re:                                  )      Bankruptcy No. 19-30430
                                        )
RODNEY ALLEN PINCKNEY,                  )      Chapter 7
                                        )
_____Debtor._____)

**TRUSTEE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REQUESTED
BY SUBPOENA ISSUED PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE**

Heather W. Culp, Trustee, through undersigned counsel, and pursuant to Rules 7037 and
7045 of the Federal Rules of Bankruptcy Procedure, moves the Court for the entry of an order
compelling James W. Surane to produce documents responsive to a subpoena issued under
Federal Rules of Bankruptcy Procedure 2004. In support, the Trustee shows as follows:

1.      The Debtor filed a petition for relief under Chapter 13 of the United States
Bankruptcy Code on April 1, 2019. This case was converted to Chapter 7 of the Bankruptcy
Code by Order entered on July 18, 2019 [Dkt. 47]. Heather W. Culp was appointed Chapter 7
Trustee.

2.      The Trustee filed a Notice of Service of Subpoena on April 27, 2020 (Doc. 149)
evidencing her intent to serve a document subpoena on James W. Surane on April 28, 2020.

3.      The Trustee issued a document subpoena to James W. Surane on April 28, 2020
("the Subpoena") and sent it to Surane that same day, via certified mail, return receipt requested. A
copy is attached as Exhibit A.

4.      The Subpoena required Surane to produce the responsive documents on or before
May 14, 2020.

5.      Per the return receipt from the United States Post Office, Surane was served with the
subpoena via certified mail on May 1, 2020. Exhibit B.

6.      The Trustee has received no response from Surane to the Subpoena.

7.      Between April 17, 2020, and April 24, 2020, the Trustee and her paralegal
informally reached out to Surane and his law firm at least a half a dozen times – via e-mail and
telephone – in an effort to obtain the information sought. Neither Surane nor anyone on his behalf
responded to any of these attempts.

**WHEREFORE**, the Trustee prays that the Court enter an Order directing James W. Surane to produce all documents responsive to the Subpoena and grant such other relief as may be just and proper.

This 1st day of June, 2020.

Heather W. Culp, NC Bar No. 30386
Chapter 7 Trustee/Attorney for the Trustee
John C. Woodman, NC Bar No. 42365
Attorney for the Trustee
Essex Richards, P.A.
1701 South Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 377-4300
Facsimile: (704) 372-1357
E-mail: jwoodman@essexrichards.com

## CERTIFICATE OF SERVICE

I certify that on the 1st day of June, 2020, I electronically filed the **foregoing NOTICE OF HEARING and TRUSTEE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REQUESTED BY SUBPOENA ISSUED PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE with the Clerk of Court** using the CM/ECF system, which will send notification of such filing the registered parties, including:

Shelley K. Abel, U.S. Bankruptcy Administrator
Rashad L. Blossom, Attorney for the Debtor

I further certify that the foregoing was served on the parties listed below by mailing a copy of the same in an envelope addressed to each party with proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Postal Service on June 1, 2020:

James W. Surane
20460 Chartwell Center Dr., #3
Cornelius, NC 28031

And via e-mail only to Samantha.barnard@costnergroup.com:
Samantha Barnard
Costner Law
*Closing Attorneys for Potential Purchasers Josh Liptik and Gerald Ladner*

Heather W. Culp, NC Bar No. 30386
Chapter 7 Trustee/Attorney for the Trustee
John C. Woodman, NC Bar No. 42365
Attorney for the Trustee
Essex Richards, P.A.
1701 South Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 377-4300
Facsimile: (704) 372-1357
E-mail: jwoodman@essexrichards.com

4

Exhibit A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 19-30430 |
| | ) | |
| RODNEY ALLEN PINCKNEY, | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor. | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  James W. Surane
20460 Chartwell Center Dr., #3
Cornelius, NC 28031

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
**See Exhibit A, attached**

| PLACE | DATE AND TIME |
|---|---|
| Essex Richards, P.A., 1701 South Blvd., Charlotte NC 28203 | May 14, 2020 at 4:30 PM |

[ ]  *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 28, 2020

CLERK OF COURT

OR  *Ustin W. Lp*

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Heather W. Culp, the Chapter 7 Trustee for Rodney Allen Pinckney, who issues or requests this subpoena, are:  Heather W. Culp, Essex Richards, P.A., 1701 South Blvd., Charlotte NC 28203, hculp@essexrichards.com, 704-377-4300

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT A**

On or before May 14, 2020, at 4:30 PM, James W. Surane shall deliver to Heather W. Culp, the Chapter 7 Trustee for Rodney Allen Pinckney, c/o Essex Richards, P.A., 1701 South Blvd., Charlotte, North Carolina, 28203, the documents identified below.

### Definitions

A.      "Deed" refers to the deed conveying 415 Lakewood Avenue, Charlotte, NC to Rodney Allen Pinckney, recorded June 1, 2017, a copy of which is attached.

B.      "Document" is used in its broadest sense and includes, but is not limited to, the following items, whether printed, recorded, or reproduced by any other mechanical or electronic process or writing or produced by hand, and shall include the original, all non-identical copies and all drafts of any and all agreements, communications, correspondence, memoranda, records, books, summaries of records of personal conversations or interviews, diaries, forecasts, statistical statements, accountants work papers, graphs, charts, accounts, analytical statements, reports and any other writings of whatever description, including but not limited to any information contained in any computer, although not yet printed out, and within your possession, custody or control or in the possession, custody or control of any agent or employee.  In addition, "document" specifically includes text or images stored in electronic form such as electronic mail or text messages.

C.      "Rodney Allen Pinckney" refers to the debtor in Chapter 7 bankruptcy case number 19-30704, filed in the United States Bankruptcy Court for the Western District of North Carolina on April 2019 and pending, with a SSN ending -1026.

D.      "You" or "your" refers to James W. Surane, any law firms or other businesses for which he works or has worked or in which he has an ownership interest or has had an ownership interest, and any agents, owners, contractors, employees, and other persons acting on behalf of him or the described entities.

### List of Documents to be Produced

1.      Evidence of any title insurance covering title to 415 Lakewood Avenue, Charlotte North Carolina, conveyed to Rodney Allen Pinckney by deed recorded June 1, 2017.

2.      Evidence of basis for conveying all of The Heirs of the Estate of Annie Butler (98E2326)'s rights to and interest in 415 Lakewood Avenue, Charlotte, North Carolina, to Rodney Allen Pinckney by the Deed, and in particular, those of the following potential heirs:

a.      Perry Earl Hawkins, husband of Annie Butler's daughter Carolyn Euvette Butler Hawkins;

b.      Kenneth P. Hawkins, son of Annie Butler's daughter Carolyn Euvette Butler Hawkins;

      c.     Debra Timmerman, daughter of Annie Butler's son C.A. Butler Jr.; and

      d.     Heirs of James A. Butler.

3.     Evidence of Deborah Kuykendall's relationship to Annie Butler, and in particular, evidence that this is an alias or other name for Debra Timmerman.

4.     Evidence of Debra Timmerman's relationship to Annie Butler and whether she was married at the time the Deed was signed.

5.     Your file and any other documents relating to work for or services rendered to Rodney Allen Pinckney with regard to his purchase of 415 Lakewood Avenue, Charlotte, North Carolina.

B31847 - P914



FOR REGISTRATION
Fredrick Smith
REGISTER OF DEEDS
Mecklenburg County, NC
2017 JUN 01 01:03:12 PM
BK:31847 PG:914-022
FEE:$26.00
EXCISE TAX: $56.00
INSTRUMENT # 2017072520
TAYLORD

2017072520

Stamps: $56.00
Parcel Identifier: 065-139-27
Mail after recording to: Grantee
This instrument was prepared by: James W. Surane, Attorney at Law

Brief Description for the Index

## NORTH CAROLINA GENERAL WARRANTY DEED

THIS DEED made this 7 3 of May, 2017 by and between

| GRANTOR | GRANTEE |
|---|---|
| The Heirs of the Estate of Annie Butler (98E2326) by: Mason Butler and wife, Shirley Butler Kenneth P. Hawkins (unmarried); Timothy Butler (divorced); James A. Butler and wife, Lisa K. Butler; Susan W. Thorn and spouse, John Thorn; Jill Alison Kitchin and spouse, Robert Lewis Kitchin; Deborah B. Kuykendall and spouse, Robert Randall Kuykendall; Kathie H. Reynolds and spouse, Keith Reynolds and Cynthia Wright Harley and Spouse, Michael E. Likes | Rodney Pinckney

Mailing address: 8525 Hammonds St, Charlotte, NC 28214 |

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in Mecklenburg County, North Carolina and more particularly described as follows: BEING all of Lot 5 and 6 in Block #6 according to a map of the property of Interstate Improvement Company recorded in Map Book 230 at page 92 and 93 in the Mecklenburg County Register of Deeds. Prior Deed: 1568/229

**B31847 · P915**

To have and to hold the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated. Title to the property hereinabove described is subject to the following exceptions:

Current year ad valorem taxes.
Easements and restrictions of record.

In witness whereof, the Grantor has hereunto set his hand and seal the day and year first above written.

_____
Mason Butler

_____
Shirley Butler by Mason Butler her Attorney in Fact

_____
Timothy A. Butler by Mason Butler his Attorney in Fact

_____
Jill Alison Kitchin by Mason Butler her Attorney in Fact

_____
Robert Lewis Kitchin by Mason Butler his Attorney in Fact

_____                    _____
Lisa K. Butler by Mason Butler her Attorney in Fact    James A. Butler by Mason Butler
                                                       His Attorney in Fact

State of NC
County of _____

The undersigned Notary Public certifies that the following persons personally appeared before me this day, each acknowledged to me that he or she voluntarily signed the foregoing document for the purposes stated herein and in the capacity indicated:

_____
Mason C Butler

Witness my hand and official notarial seal this 24 day of May, 2017.

_____
Notary Public
My commission expires: _____

**B31847 - P916**

State of North Carolina
County of Mecklenburg

I, the undersigned, a Notary Public for said county and state, do hereby certify that **Mason L. Butler** attorney in fact for **Timothy A. Butler, Jill Alison Kitchin, James A. Butler, Jr. , Lisa K. Butler and Shirley Butler** personally appeared  before me this day, and being by me duly sworn, says that he executed the foregoing and annexed instrument for and in behalf of the said **Timothy A. Butler, Jill Alison Kitchin, James A. Butler, Jr. , Lisa K. Butler and Shirley Butler** and acknowledged said instrument is contained in an instrument duly executed, acknowledged, and recorded in the Mecklenburg County  State of North Carolina register of deeds office and that this instrument was executed under and by virtue of the authority given by said instrument granting him power of attorney.

I do further certify that the said **Mason L. Butler** acknowledged the due execution of the foregoing and annexed instrument for the purposes therein expressed for and in behalf of the said **Timothy A. Butler, Jill Alison Kitchin, James A. Butler, Jr., Lisa K. Butler and Shirley Butler.**

Witness my hand and official seal, this the ___ day of May, 2017.

Notary Public

My commission expires: _____

**B31847 - P917**

WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in Mecklenburg County, North Carolina and more particularly described as follows:

BEING all of Lot 5 and 6 of Block #6 according to a map of the property of the Interstate Improvement Company recorded in Map Book 230 at page 92 and 93 in the Mecklenburg County Register of Deeds.

Deed reference: 1568/229

To have and to hold the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated. Title to the property hereinabove described is subject to the following exceptions:

Current year ad valorem taxes.
Easements and restrictions of record.

In witness whereof, the Grantor has hereunto set his hand and seal the day and year first above written.

_Cynthia Wright Harley_
Cynthia Wright Harley

_Michael E. Likes_
spouse MICHAEL E. LIKES

Kathie H. Reynolds

spouse

**B31847 - P918**

State of _SC_

County of _Charleston_

The undersigned Notary Public certifies that the following persons personally appeared before me this day, each acknowledged to me that he or she voluntarily signed the foregoing document for the purposes stated herein and in the capacity indicated:

_Cynthia Wright Parley + Michael E. Lukes_

Witness my hand and official notarial seal this _10_ day of _March_ , 2017.

_____
Notary Public
My commission expires: _01/30/2023_

State of _____

County of _____

The undersigned Notary Public certifies that the following persons personally appeared before me this day, each acknowledged to me that he or she voluntarily signed the foregoing document for the purposes stated herein and in the capacity indicated:

_____

Witness my hand and official notarial seal this _____ day of _____, 2017.

_____
Notary Public
My commission expires: _____

**B31847 - P919 .**

WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in Mecklenburg County, North Carolina and more particularly described as follows:

BEING all of Lot 5 and 6 of Block #6 according to a map of the property of the Interstate Improvement Company recorded in Map Book 230 at page 92 and 93 in the Mecklenburg County Register of Deeds.

Deed reference: 1568/229

To have and to hold the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated. Title to the property hereinabove described is subject to the following exceptions:

Current year ad valorem taxes.
Easements and restrictions of record.

In witness whereof, the Grantor has hereunto set his hand and seal the day and year first above written.

_Susan W. Thorn_
Susan W. Thorn

spouse _John Thorn_

State of ___NC___

County of ___Lee___

The undersigned Notary Public certifies that the following persons personally appeared before me this day, each acknowledged to me that he or she voluntarily signed the foregoing document for the purposes stated herein and in the capacity indicated: .
___Susan Thorn and John Thorn___

Witness my hand and official notarial seal this _10_ day of _March_ , 2017.

_Dawn Stanek_
Notary Public
My commission expires: ___7/24/2018___

DAWN STANEK
Notary Public, North Carolina
Harnett County
My Commission Expires
7/24/2018

B31847 - P920

WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in Mecklenburg County, North Carolina and more particularly described as follows:

BEING all of Lot 5 and 6 of Block #6 according to a map of the property of the Interstate Improvement Company recorded in Map Book 230 at page 92 and 93 in the Mecklenburg County Register of Deeds.

Deed reference: 1568/229

To have and to hold the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated. Title to the property hereinabove described is subject to the following exceptions:

Current year ad valorem taxes.
Easements and restrictions of record.

In witness whereof, the Grantor has hereunto set his hand and seal the day and year first above written.

_____
Cynthia Wright Harley

_____
spouse

_Kathie H. Reynolds_
Kathie H. Reynolds

_Kathie H. Reynolds_
spouse   Keith Reynolds

**B31847 - P921**

State of _____

County of _____

The undersigned Notary Public certifies that the following persons personally appeared before me this day, each acknowledged to me that he or she voluntarily signed the foregoing document for the purposes stated herein and in the capacity indicated:

_____

Witness my hand and official notarial seal this ~~30~~ day of _January_____, 2017.

_Lora C. Hayes_____
Notary Public
My commission expires: _____

State of _TN._____

County of _Williamson_____

The undersigned Notary Public certifies that the following persons personally appeared before me this day, each acknowledged to me that he or she voluntarily signed the foregoing document for the purposes stated herein and in the capacity indicated:
_Katice H. Reynolds + Keith Reynolds_

Witness my hand and official notarial seal this 30 day of _January_____, 2017.

_Lora C. Hayes_____
Notary Public
My commission expires: _Sept. 20, 2017_

LORA C. HAYES
STATE OF TENNESSEE
NOTARY PUBLIC
WILLIAMSON COUNTY
My Commission Expires September 23, 2017

**B31847 - P922**

_N/A_
Cynthia Wright Harley

_N/A_
Spouse of Cynthia Wright Harley

_N/A_
Susan W. Thorn

_N/A_
Spouse of Susan W. Thorn

_Deborah T. Kuykendall_
Deborah Kuykendall

_Robert Randall Kuykendall_
Spouse of Deborah Kuykendall

_N/A_
Kenneth Hawkins

_N/A_
Kathie H. Reynolds

_N/A_
Spouse of Kathie H. Reynolds

State of _North Carolina_

County of _Gaston_

The undersigned Notary Public certifies that the following persons personally appeared before me this day, each acknowledged to me that he or she voluntarily signed the foregoing document for the purposes stated herein and in the capacity indicated:
_Deborah T. Kuykendall + Robert Randall Kuykendall_

Witness my hand and official notarial seal this _31st_ day of _January_, 2017.

_Anita J. Brooks_ -ANITA J. BROOKS
Notary Public
My commission expires: **November 14, 2020**

Anita J. Brooks
Notary
Public
Gaston County, N.C.

Exhibit B



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

James W. Surane
20460 Chartwell Center Dr
#3
Cornelius, NC 28031

9590 9402 5431 9189 8529 35

2. Article Number (Transfer from service label)

7019 0700 0002 0374 2103

PS Form **3811**, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Surane*                          ☐ Agent
                                    ☐ Addressee

B. Received by (Printed Name)       C. Date of Deliver

DAW K422 CM                         5/1

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING #
CHARLOTTE

9590 9402 5431 9189 8529 35

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Heather W. Culp
Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203